**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenine Tracy Bodine,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-21-00721-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for EAJA fees. (Doc. 28.) The motion is granted and fees are awarded in the amount of $9,911.442 plus $17.58 in expenses.

I.  Legal Standard And The Parties' Positions

"The Equal Access to Justice Act (EAJA) instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government has chosen not to argue that its position was substantially justified (Doc. 30), so the Court must grant attorneys' fees. *See, e.g., Robinson v. Berryhill*, 2018 WL 7140957, *2 (9th Cir. 2018) ("Pursuant to the parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine

whether the fee award requested is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jean*, 496 U.S. at 161 ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). This is "now called the 'lodestar' method" of determining the reasonableness of fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

Plaintiff's counsel charged the statutory maximum rates, and the reasonableness of the hourly rates is not in dispute.[1]

The parties dispute whether the amount of time Plaintiff's counsel ("Counsel") billed was reasonable. The reasonableness of the number of hours spent is necessarily a case-specific determination, and it is improper to generalize from other cases and impose "a de facto cap" on the number of hours compensable under the EAJA. *Costa,* 690 F.3d at 1134. The Ninth Circuit has emphasized that dubbing any Social Security case "routine" would be "a misnomer" because the cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence," such that two cases involving the same issues might nevertheless require different amounts of work. *Id.* at 1134 n.1. Courts generally should defer to "the winning lawyer's professional judgment," and if "the amount of time requested for a particular task is too high," the Court must explain why. *Id.* at 1136.

---

[1] Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates in recent years on its website, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

Plaintiff originally requested $8,962.34 in fees and $17.58 in costs in her motion for EAJA attorneys' fees. (Doc. 28.) Defendant opposes the amount of fees requested and asserts that the Court should "award fees in a reasonable amount of not more than $6,721.75 plus $17.58 in expenses." (Doc. 30 at 10.) In reply, Plaintiff concedes that a 0.5 hour reduction in attorney time ($114.90) is appropriate because that time was billed in error. (Doc. 31 at 5.) Otherwise, Plaintiff defends the reasonableness of the fees requested and seeks an additional award of $1,064 for the 4.6 hours required to draft the reply brief in support of the fees motion. (*Id.* at 6.)

II.  Analysis

    **A.  Non-Compensable Time**

Time billed at an attorney or paralegal rate for clerical tasks should not be included in an EAJA award, because such tasks should be subsumed in firm overhead rather than billed, *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009), or billed "at a lesser rate." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (non-legal work "is not enhanced just because a lawyer does it").

The Commissioner argues that attorney Howard Olinsky "bills 0.1 hours each for entries on 5/5/21, 6/22/21, 7/20/21, 8/17/21, 10/20/21, and 12/16/21, and 0.2 hours for an entry on 5/6/21 for the clerical tasks of receiving ECF documents, which did not require or involve any substantive legal work," and that these tasks amount to "non-compensable overhead." (Doc. 30 at 3-4.) The Court disagrees. "An attorney has an obligation to stay current with [his or] her case," and "[r]eviewing procedural orders, all of which pertain to the progress of the case, is one of the ways to stay current." *Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164, 1168 (D. Ariz. 2008). "[R]eviewing Court orders—even very short ones—is not an administrative task, and at any rate, the [0.8] hours billed for reviewing these orders will hardly result in a windfall." *Davis v. Comm'r of Soc. Sec. Admin.*, 2022 WL 2529057, *3 (D. Ariz. 2022). Furthermore, Plaintiff notes that Counsel exercised billing discretion by "zeroing out" six compensable billing entries to account for the fact that although the smallest billing increment is 0.1 hours (that is, 6 minutes), some

tasks take less than this amount of time. (Doc. 31 at 2.)[2]

The Commissioner further argues that "the Court should disallow 1.4 hours of paralegal time as non-compensable clerical work, for a reduction of $140 (1.4 hours x $100 per hour)," challenging "0.6 hours for service on 6/15/21 and 0.2 hours for additional service-related tasks on 6/21/21" and "0.6 hours for processing a file for attorney review on 2/28/21." (Doc. 30 at 4-5.) District courts are not in agreement as to whether service and filing a proof of service are clerical tasks. *Compare Kham Singmoungthong v. Astrue*, 2011 WL 2746711, *5 (E.D. Cal. 2011) ("Defendant also objects to 1.2 hours spent preparing service documents, serving Defendant, and filing the proof of service and consent form. Filing documents with the Court and reviewing service documents are tasks that are routinely performed by an attorney. . . . This 1.2 hours will therefore be allowed"), *with Brandt v. Astrue*, 2009 WL 1727472, *5 (D. Or. 2009) (finding service-related tasks to be "primarily clerical in nature"). The Ninth Circuit has not addressed, in a published opinion, whether service-related tasks are compensable under the EAJA. *But see Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (unpublished memorandum) ("[T]he district court did not abuse its discretion in declining to award Neil attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons."). In a non-EAJA context, the Ninth Circuit has expressly stated that "obtaining service of process" is a "compensable" expense for purposes of an attorneys' fee award. *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). At any rate, the Commissioner cites no authority in support of the proposition that service-related tasks are not compensable and makes no argument as to why they should not be. The Court declines to reduce the fee request on this undeveloped basis.

As for the Commissioner's objection to the "0.6 hours for processing a file for attorney review," Plaintiff responds that "Defendant does not provide a specific argument

---

[2] The Court expresses no opinion as to whether such "zeroing out" was necessary for the billing to be reasonable. The Court notes, however, that billing in six minute increments—and rounding up to the nearest six-minute mark—is "the prevailing practice in the local community," *Jenkins*, 491 U.S. at 287 n.9, and indeed is the well-accepted standard throughout the nation.

- 4 -

to explain why this time should be considered clerical," and "[t]herefore, this objection should be considered waived." (Doc. 31 at 3.) The Court agrees.

Finally, the Commissioner argues that the 0.3 hours of attorney time and 0.1 hours of paralegal time devoted to drafting a stipulation for extension of time is "non-compensable" because "the government agreed to these extensions" and "billing the government for agreeing to that favor is bad form at the least, and reflects a poor exercise of billing judgment." (Doc. 30 at 5.) But the Commissioner misunderstands the effect of having agreed to the extension of time. Because the Commissioner agreed to the extension, it was necessary for Plaintiff to draft and file a stipulation, which took a small amount of Counsel's time. Had the Commissioner opposed the extension request, Plaintiff would have needed to file a developed motion and a reply thereto, no doubt necessitating much more time and incurring far greater fees. Thus, Plaintiff is not "billing the government for agreeing to [a] favor." Counsel are billing their client for the very small amount of time spent drafting and filing a stipulation, and that fee is being passed along to the Commissioner by means of a statute that grants fees unless the government's litigation position was substantially justified, which the Commissioner does not argue here.[3]

The Court finds that none of the Commissioner's challenges to Counsel's billing entries for being clerical or otherwise non-compensable have any merit. Nevertheless, Plaintiff has agreed to a 0.5-hour reduction in attorney time to account for one billing error. (*Id.* at 5.) The Court will reduce the award pursuant to this concession.

**B.     Duplicative Work**

The Commissioner argues that "Plaintiff's attorneys bill for additional unreasonable tasks including duplicative work based on her attorneys' decision to overstaff this case with

---

[3] Plaintiff states in her response that the motion for extension of time was necessitated by the Social Security Agency's actions in creating a backlog of transcripts during the Covid-19 pandemic and then addressing the backlog in a manner that created an inundation when the Agency increased its production, causing "numerous, simultaneous deadlines for all Social Security attorneys." (Doc. 31 at 4.) While the Commissioner is not to blame for this—the pandemic created havoc, and the Commissioner's efforts to get back on track are appreciated—Plaintiff is not to blame for this either, and there is no reason why the cost of Counsel's time should be borne by her instead of shifted pursuant to the EAJA. As Plaintiff notes, the Commissioner "provides no legal support for her assertion that such time is not recoverable." (*Id.* at 3.)

five attorneys and nine paralegals." (Doc. 30 at 4.) Plaintiff responds that the attorney who filed the case "left his own practice" and another attorney who was working on the case also "left the firm prior to briefing"—and then the attorney who briefed the case "left the firm before the reply was due." (Doc. 31 at 4.) Plaintiff argues that "Counsel should not be penalized because attorneys decided to leave the firm." (*Id.*) Regarding the allegation that various attorneys' review of the record and review of each other's work resulted in duplication of effort, Plaintiff asserts that when working collaboratively, "some duplication of effort is always required in order to meaningfully participate in litigation." (*Id.* at 5.) The Court agrees. Indeed, the Court has repeatedly rejected Defendant's arguments about duplication of services. *Davis*, 2022 WL 2529057 at *5-6 (collecting cases).

### C. Fees For Fees

"[F]ees for fees should be denied only for time spent defending rates that were reduced, whereas time spent defending rates that the Court ultimately finds reasonable [is] compensable." *Kenneth A. v. Berryhill*, 2019 WL 377613, *7 (D. Or. 2019). *See also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990) ("[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation. For example, if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate."). Here, Plaintiff did not defend any rates that were reduced; the only reduction is the result of Plaintiff's express concession. Thus, Plaintiff is awarded $1,064.85 for the 4.6 hours spent successfully defending against the Commissioner's challenges to Plaintiff's motion for attorneys' fees.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for EAJA fees (Doc. 28) is **granted** and Plaintiff is awarded $ $9,911.442 in attorneys' fees and $17.58 in costs.

**IT IS FURTHER ORDERED** that if the government determines that Plaintiff does

- 6 -

not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 17th day of January, 2023.

Dominic W. Lanza
United States District Judge